# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 17, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**DALLAS J. BLEVINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0589** (BOR Appeal No. 2047966)
(Claim No. 2011021611)

**CCBCC, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dallas J. Blevins, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CCBCC, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2013, in which the Board affirmed a December 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 28, 2011, decision granting a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blevins, an employee of CCBCC, Inc., slipped on a piece of ice at work and hyperextended his right knee on December 17, 2010. While Mr. Blevins was falling his toolbox slipped from his hand and landed on his right knee. Mr. Blevins reported to Logan Regional Medical Center on December 26, 2010, with right knee pain. Mr. Blevins was seen by Robert McCleary, D.O., who diagnosed internal derangement of the right knee. Mr. Blevins filed his application for workers' compensation benefits. The claims administrator approved the claim for

1

a sprain but specifically denied adding internal derangement as a compensable condition of the claim. Thereafter, Mr. Blevins underwent right knee arthroscopy and plica debridement. The surgery was performed by Dr. McCleary. Mr. Blevins had five follow-up appointments with Dr. McCleary. Dr. McCleary did not note any atrophy in any of the five post-surgery follow-up visits. Mr. Blevins then filed for permanent partial disability based upon his compensable right knee strain. Mr. Blevins had independent medical evaluations from Prasadarao Mukkamala, M.D., Paul Bachwitt, M.D., and Bruce Guberman, M.D. Drs. Bachwitt and Mukamala opined that Mr. Blevins had no resulting disability from right leg atrophy because measurements show there was not any more than one centimeter of difference in the size of his right calf as compared to his left calf and his right thigh as compared to his left thigh. However, Dr. Guberman found 1.2 centimeters of atrophy in the right thigh and one centimeter atrophy in the right calf. Based upon the calf and thigh atrophy, Dr. Guberman found 2% whole person impairment. Dr. Guberman was critical of Dr. Bachwitt's measurements because, according to Dr. Guberman, atrophy is properly measured 10 centimeters above the patella and at the maximum calf circumference. Dr. Guberman noted that Dr. Bachwitt measured from the maximum calf circumference and 20 centimeters above the tibial tubericle. Dr. Mukkamala was critical of Dr. Guberman because in his opinion 20 centimeters above the tibial tubericle is the same measurement as 10 centimeters above the patella.

The Office of Judges determined that Mr. Blevins was not entitled to any more than a 0% permanent partial disability award. The Office of Judges reached this conclusion by relying on the consistent reports of Drs. Bachwitt and Mukkamala. The Office of Judges determined that the evidence of record was more consistent with Drs. Bachwitt and Mukkamala's opinion because there was no evidence of right leg atrophy indicated by Dr. McCleary, the treating physician, in any of the five follow-up visits after Mr. Blevin's knee surgery. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and the Board of Review. Mr. Blevins has not shown that he is entitled to any more than a 0% permanent partial disability award as a result of his December 17, 2010, injury. The only reviewing physician that assigned Mr. Blevins any whole person impairment was Dr. Guberman. However, Dr. Guberman's findings are not consistent with Dr. McCleary's treatment notes. Dr. McCleary, Mr. Blevins's treating physician, did not note atrophy in any of the five post-operative follow-up visits. Furthermore, the consistent and well-reasoned reports of Drs. Mukkmala and Dr. Bachwitt demonstrate that Mr. Blevins suffers from no ratable whole person impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 17, 2015**

2

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum